In its application for rehearing, Honda Motor Company argues that, because the plaintiff failed to show proximate causation between its alleged failure to warn him of the danger of subsequent modification of the motorcycle and the damages he suffered, the trial court erred in denying its motion for a directed verdict. It contends that our holding in E.R. Squibb Sons, Inc. v. Cox, 477 So.2d 963 (Ala. 1985), requires that conclusion. In Squibb, we held that "a plaintiff who does not read an allegedly inadequate warning cannot maintain a negligent-failure-to-adequately-warn action unless the nature of the alleged inadequacy is such that it prevents him from reading it." 477 So.2d at 971.
In this case, the tendencies of the evidence were that Dunn never saw or read a copy of the operator's manual for the 1974 Honda 750cc motorcycle that was assigned to him. Testimony was introduced at trial indicating that there was a warning in the manual regarding after-the-sale modification of the product, albeit a rather unspecific *Page 1362 
one. The owner of Honda Central, a retail outlet from which the City has purchased several of its motorcycles, stated that he supplied a copy of the manual with each of the motorcycles he sold, even though he did not sell the motorcycle on which Dunn was injured. In all of those manuals there was at least some warning about the adverse aerodynamic effect of adding accessories; however, one of Dunn's fellow officers testified that neither he nor any of the other motor scouts had been given the opportunity to read a copy of the operator's manual for the motorcycles.
Given that officer's testimony, and also the fact that no representative of the Birmingham Police Department was called to testify as to whether the Department received the manuals, we think this case is distinguishable from Squibb. The plaintiff in Squibb was supplied warnings with the bottle of insulin, but he discarded them without examination. No warning would have protected the plaintiff in that case, because he would not have heeded it. 477 So.2d at 971. However, there was some evidence that Dunn never received any warning — either from the manufacturer or from his employer.
The Restatement (Second) of Torts § 388 (1965) allows recovery by the ultimate user of a product from its manufacturer or supplier if that supplier:
 "(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
 "(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
 "(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous."
The record reveals that Honda attached to its motorcycles a warning about subsequent modification beginning after 1975. Additionally, there was some evidence that Honda, at the time it manufactured and sold the motorcycle in question, knew of the widespread practice of adding accessories. Thus, we cannot say, as a matter of law, that there was no proximate cause shown between the alleged inadequacy of the warning and the plaintiff's harm, and the trial judge did not err in denying Honda's motion for a directed verdict.
OPINION EXTENDED; APPLICATION OVERRULED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., recused.